Filed 6/29/23  Del Pozo v. Lemke CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ELIZABETH S. DEL POZO, as Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICHARD G. LEMKE, <br><br> Defendant and Appellant. | D080312 <br><br> (Super. Ct. No. 37-2017-00000227-PR-TR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Jeffrey S. Bostwick, Judge.  Affirmed.

Richard G. Lemke, in pro. per., for Defendant and Appellant.

Brierton, Jones & Jones, Gary D. Jander, and Ricsie M. Hernandez for Plaintiff and Respondent.


Richard G. Lemke, former trustee of the Moore Family Trust, appeals a minute order of the probate court requiring him to pay a fiduciary bond premium to forestall the sale of real property held by the trust, which Lemke seeks in the underlying probate case.  Lemke, who is self-represented, has

not shown the court erred by ordering the payment. Accordingly, the order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

As outlined in the prior opinion of this court in this case, *Del Pozo v. Lemke* (July 19, 2022, D078673) [nonpub. opn.], Marvin G. Moore and Lorraine L. Moore executed the Moore Family Trust in 2004. Lorraine had four children, including Chas Moore Rundberg and Diane Marie Ferguson Bosio. In 2015, Marvin and Lorraine executed an amendment to the trust appointing Lorraine's daughter Bosio as first successor trustee and her son Rundberg as second successor trustee.

Shortly after Lorraine's death in 2015, Marvin executed an amendment to the trust, and appointed Lemke as successor trustee. The following year, Marvin passed away. Bosio and Rundberg initiated the underlying probate case in January 2017 by filing a petition to remove Lemke as trustee. The petition alleged that Lemke, who Bosio and Rundberg had no former knowledge of, was not qualified to serve as trustee and that he was hostile to them as beneficiaries of the trust.

The next month, Bosio and Rundberg filed an ex parte application seeking the appointment of an independent fiduciary to serve as trustee and

---

[1] Lemke asks this court to take judicial notice of several orders of the probate court, including the February 2017 order suspending him as trustee, the March 2017 order appointing Del Pozo as interim trustee, and an order dated June 28, 2022—after the notice of appeal was filed in this case— denying Lemke permission to file a motion to dismiss the case in the probate court. The request for judicial notice also includes probate notes of the probate court and a printout from this court's website showing the case numbers for seven appeals filed by Lemke. The request for judicial notice is denied. The court orders submitted with the request are irrelevant to the present appeal and the other documents are not subject to judicial notice under Evidence Code sections 451 and 453.

to restrain Lemke from transferring title or managing the trust property. Bosio and Rundberg's application asserted that after filing their petition, Lemke responded that he did not believe they were beneficiaries of the trust and that he believed that all of the assets in the trust belonged to him.

A few days later, the probate court issued a minute order precluding Lemke from taking any action pertaining to trust assets without the court's permission. Thereafter, Bosio and Rundberg's counsel discovered that Lemke had transferred title to two real properties from the trust to himself, in his individual name, in January 2017. As a result, the siblings filed another ex parte application requesting that the court remove Lemke as trustee and order an immediate accounting of the trust. Lemke, who has been self-represented throughout these proceedings, filed a response to the application asserting that he was the rightful trustee and sole beneficiary of the trust.

On February 14, 2017, the probate court suspended Lemke as trustee and ordered him to return all property and assets to the trust. Bosio and Rundberg then nominated respondent Elizabeth S. Del Pozo, who is a licensed professional fiduciary, to serve as an independent trustee. The next month, the court appointed Del Pozo as the temporary, interim trustee of the Moore Family Trust. After the court appointed Del Pozo, Lemke repeatedly sought to remove her as trustee.

In the subsequent years, Del Pozo remained trustee and managed the assets of the trust under the probate court's direction, facing challenges by Lemke throughout. In August 2020, the court granted Bosio and Rundberg's motion for summary judgment, concluding they are beneficiaries of a portion of the trust based on the first amendment to the trust. Thereafter, the probate court authorized Del Pozo to sell some trust property if certain conditions were satisfied.

3

Lemke continued unsuccessfully to seek Del Pozo's removal as trustee. In the spring of 2021, he filed three ex parte applications seeking removal and asserting the probate court lacked jurisdiction over the case. Lemke also immediately appealed each denial of his three removal applications. This court consolidated the appeals and on July 19, 2022 issued *Del Pozo v. Lemke, supra*, D078673, which determined that the probate court properly denied Lemke's removal applications.

While the appeal was pending, on August 27, 2021, Del Pozo filed an "ex parte petition to confirm the sale" of certain commercial property and related business inventory. Lemke objected to the petition and asked the court to deny it. Lemke argued, among other things, that the probate court lacked jurisdiction while *Del Pozo v. Lemke, supra*, D078673, was pending. The court denied the ex parte petition, concluding the sale was not urgent and thus not appropriately considered on an emergency basis.

After being referred to a mandatory settlement conference, in January 2022, Lemke filed an "Ex Parte Petition Pursuant to Probate Code [section] 10308 Confirmation by the Court Sale of Real Property" seeking to stay the sale of the commercial property and related assets. At an initial hearing on the petition, the probate court set a further hearing to consider whether the still-pending appeal prevented the sale of the property under Probate Code section 1310, subdivision (b).[2] The court then stayed the sale of the property and set an evidentiary hearing.

At the conclusion of the evidentiary hearing on March 18, 2022, the court determined that the sale of the property should be delayed on the condition that Lemke bring current premium payments on an existing bond obligation related to Del Pozo's performance of her fiduciary duties. At the

---

[2]     Subsequent undesignated statutory references are to the Probate Code.

hearing, Lemke agreed to pay the outstanding bond premium to prevent the sale of the property. To make the fiduciary bond current, the court ordered Lemke to pay the $22,500 outstanding premium within 10 days of the date of the hearing.[3]

Lemke filed a timely notice of appeal from the March 18, 2022 minute order issued after hearing.[4]

DISCUSSION

Lemke's opening brief lists five issues for this court's consideration: (1) "Whether or not the [probate court] and the Court of Appeal ... ha[ve] jurisdiction over the Moore Family Trust?" (2) "Whether or not former Beneficiary lacked jurisdiction for a failure to contest The Moore Family Trust within 120 day?" (3) "Whether or not the former beneficiaries of a Trust lack standing to nominate Elizabeth del Pozo as Temporary Interim Trustee?" (4) "Whether or not the [probate court] presiding on 03/18/2022 ... had the legal jurisdiction and authority to require the Appellant to pay Twenty-Two Thousand Five Hundred Dollars ($22,500) for the approximately two and half year delinquent fiduciary bond for Elizabeth del Pozo, for the Moore Family Trust Second Amendment?" And (5) "Whether or not the [probate court] presiding on 03/18/2022 ... had the legal jurisdiction and authority to threaten the Appellant with Probate Code [section] 1310[, subd.] (b)."

---

[3] According to Del Pozo's appellate brief, Lemke paid the bond premium on the date of the hearing.

[4] After these proceedings, on June 16, 2022, the probate court issued an order finding Lemke to be a vexatious litigant under Code of Civil Procedure section 391, subdivisions (b)(1), (2), and (3). That order is currently on appeal in Case No. D080857.

5

As Del Pozo points out in her brief, the first, second, and third issues Lemke raises are not encompassed within the order on appeal and thus fall outside the purview of Del Pozo's appeal and our consideration. (See *Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1126 [" 'There is no right to appeal from any orders in probate except those specified in the Probate Code.' ... [¶] ... In the absence of specific statutory authority authorizing" the appeal, an order is not appealable]; see also *Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688, 696 [appellate courts cannot entertain an appeal taken from a nonappealable judgment or order].) Lemke's remaining two issues arise from the order Lemke appeals and are appealable under section 1300, subdivision (d), which authorizes appeals from orders "[d]irecting or allowing payment of a debt, claim, or cost." With respect to these issues, Lemke asserts only that the court erred by "threaten[ing]" him with section 1310, subdivision (b) if he did not pay the fiduciary bond premium.

As an initial matter, this assertion suggests a misunderstanding of the court's order. At the March 18, 2022 hearing, Del Pozo's attorney asserted that the sale of the commercial property at issue was necessary to cover the trust's expenses because the property was operating at a loss. The probate court, however, rejected this accounting of the trust's operations, instead finding that the commercial property was operating at a slight profit each month. The court's understanding was based on its determination that certain one-time liabilities and other costs associated with the litigation were not properly considered as part of the monthly operating costs of the property for purposes of the court's decision. One such cost, which Del Pozo asserted the trust did not have sufficient liquid assets to pay, was the fiduciary bond premium owed by Lemke.

6

The court found that payment of the overdue bond premium by Lemke would allow the property to maintain profitability, making the immediate sale of the property to prevent its loss unnecessary. Accordingly, the court concluded that if Lemke paid the bond premium, section 1310 subdivision (b) did not authorize the court to direct the sale of the property.[5] As Del Pozo points out, this decision actually benefited Lemke, whose goal at the March 18, 2022 hearing was to prevent the sale of the property. (See *Marich v. MGM/UA Telecommunications, Inc.* (2003) 113 Cal.App.4th 415, 431 [A ruling in appellant's favor may not be challenged on appeal.].)

Second, Lemke has not explained why the court's order requiring payment of the bond constituted error. As we stated in *Del Pozo v. Lemke, supra*, D078673, as appellant, Lemke has the burden of providing an adequate record, of showing that an error occurred, and of showing the error was prejudicial. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) Absent an appellant's demonstration of error, a reviewing court presumes the judgment or order is supported by the evidence. (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136–1137.) Lemke's brief consists of recitations of earlier proceedings in the probate court that are not the subject of this appeal, quotations of statements made by Lemke and the court at the March 18, 2022 hearing and earlier hearings, and an unsupported assertion that his due process rights were violated.

---

[5] Section 1310, subdivision (a) stays the operation and effect of judgment or order on appeal (here, the order denying Lemke's applications to remove Del Pozo), but subdivision (b) provides an exception to that stay to allow the court to "direct the exercise of the powers of the fiduciary ... as if no appeal were pending" if doing so will prevent "injury or loss to a person or property."

7

As noted in *Del Pozo v. Lemke, supra*, D078673, as a self-represented litigant Lemke remains bound by the rules of appellate procedure and must present an argument for reversal supported by the record and applicable legal authority.  The absence of any cogent legal argument or reasoned explanation by Lemke of how the court's order constitutes error requires us to presume the trial court's order is correct.  (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown."].)  Accordingly, we must affirm the order.

## DISPOSITION

The order is affirmed.  Costs of appeal are awarded to the Respondent.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

DATO, J.

8